JOHN J. CORBETT. APPELLANT, *v.* HORATIO G. GIBSON, RESPONDENT.

SAME *v.* SAME.

*Address of plaintiff — attorney may be required to furnish it.*

The court may, in a proper case, make an order requiring the attorney for the plaintiff to furnish the defendant with the plaintiff's residence and address.

APPEAL from an order made at Special Term, requiring the attorney for the plaintiff to furnish the defendant with the residence and address of the plaintiff, and also from an order denying a motion to vacate the first order, and staying all proceedings until the determination of an appeal taken therefrom.

The action was brought by the plaintiff, a private soldier stationed at Fort Wadsworth, to recover damages for an alleged libelous publication by the defendant, the commanding officer thereof.

The action was brought on March 13, 1878. On March 11, 1878, the plaintiff was discharged from the service, and his present

whereabouts is unknown to the defendant. The application for information as to his residence and address was made on the ground, among others, that defendant desired to examine the plaintiff before trial.

The order directed "that the plaintiff's counsel furnish the defendant's counsel with a sworn statement of the residence, occupation and present address of the plaintiff herein, showing the State, county, town or village where said plaintiff resides, and if said plaintiff lives in a city, the street and street number in said city at which the said plaintiff lives."

*Fred. A. Ward*, for the appellant.

*Coudert Brothers*, for the respondent. A defendant is entitled to know the residence and temporary address of the plaintiff who is suing him. (*Johnson* v. *Birley*, 5 Bar & Ald., 540; *Worten* v. *Smith*, 6 J. B. Moore, 110; *Ninety-nine Plaintiffs* v. *Vanderbilt*, 1 Abb. Pr., 200.)

DYKMAN, J.:

The order requiring the disclosure of the residence and address of the plaintiff was made in the reasonable exercise of the discretion and power of the court. The moving affidavit of the defendant disclosed facts tending to show that the action was being prosecuted without the knowledge or desire of the plaintiff, and in that view alone it was proper enough to afford an opportunity for his examination. Besides this, it was the right of the defendant to examine the plaintiff before trial, and to that end to be informed of his whereabouts.

The order must be affirmed, with costs and disbursements, and it follows that the other order appealed from must take the same course.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Order directing statement of plaintiff's residence, etc., affirmed, with costs and disbursements.

Order refusing to set aside order directing statement of plaintiff's residence, etc., affirmed, with costs and disbursements.